BENJAMIN FEINSTEIN, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

*Insurance — clause in policy of burglary insurance limiting loss to property abstracted from inner chest of safe — motion by defendant for judgment on pleadings properly granted.*

*Feinstein* v. *Massachusetts Bonding & Ins. Co.*, 194 App. Div. 961, affirmed.

(Argued April 19, 1921; decided May 10, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1920, which affirmed an order of Special Term granting a motion by defendant for judgment on the pleadings. The action was to recover upon two policies of burglary insurance. The complaint alleged the loss by burglary of certain articles of a jeweler's stock in trade from a safe opened by force and violence and by the use of explosives, but that while such safe contained an inner or burglar proof steel chest,

the said property was abstracted from parts of the safe other than such chest. The answer alleged that the defendant·was not liable for such loss because of a certain clause in the policy limiting liability to property contained within the inner or burglar proof steel chest and abstracted therefrom after entry had been effected by use of tools. or explosives.

*F. A. W. Ireland* for appellant.

*Albert J. Rifkind* and *Thomas T. Reilley* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ.